Raymond GOFORTH, Plaintiff-Appellant,

v.

David B. POYTHRESS, etc., Herman Hansird et al., Defendants-Appellees.

No. 80–7506
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Feb. 23, 1981.

William E. Glisson, Dalton, Ga., for plaintiff-appellant.

Arthur K. Bolton, Atty. Gen., Carol Atha Cosgrove, Asst. Atty. Gen., Atlanta, Ga., for Poythress.

McCamy, Minor, Phillips & Tuggle, John P. Neal, III, Dalton, Ga., for Hansird.

Dan Strain, pro se.

Dale M. Schwartz, Gen. Counsel, Atlanta, Ga., for State Democratic Party.

Before TJOFLAT, VANCE and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

The appellant contends that *Ga.Code Ann.* § 24–2801(c)(1)(E) operates to deny him the equal protection of the laws in violation of the fourteenth amendment. The district court, in the proceeding below, disagreed and refused to enjoin the statute's enforcement. We affirm, adopting the reasoning of the district court in its "dispositive order" that appears in the attached appendix.

AFFIRMED.

APPENDIX
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

RAYMOND GOFORTH,        CIVIL ACTION
    Plaintiff,

v.

DAVID B. POYTHRESS,        NUMBER C80–110R
Secretary of State
of the State of Georgia,
*et al.*,

    Defendants.

ORDER

HAROLD L. MURPHY, District Judge.

This is an action filed pursuant to 42 U.S.C. § 1983, wherein plaintiff Raymond Goforth seeks a declaratory judgment pursuant to 28 U.S.C. § 2201, a preliminary injunction, a permanent injunction, and other relief to enjoin the alleged deprivation, under color of state law, of rights, privileges, immunities and the equal protection of the law, arising under the Constitution of the United States, and particularly under the Fourteenth Amendment thereto. Jurisdiction is conferred upon the Court by 28 U.S.C. § 1343(a).

In this case, Mr. Goforth contends that he attempted to qualify as a candidate with the proper authorities of Whitfield County, Georgia, that is the Democratic Party, for the office of Sheriff of Whitfield County and was rejected upon the ground that, inasmuch as he had only seven years of education, he did not meet the educational criteria provided by law under the statutes of the State of Georgia.

He contends because of this rejection, that *Ga.Code Ann.* § 24–2801(c)(1)(E) is violative of the Equal Protection Clause of the Constitution. This statute provides that any candidate for Sheriff in Georgia must "have obtained a high school diploma or its recognized equivalent in educational training as established by the Georgia Peace Officers' Standards and Training Counsel."

This case came on for a hearing before the Court upon Mr. Goforth's motion for a temporary restraining order on Monday, June 9, and at that time the Court, after a hearing, denied that relief. On that date, the Court set the matter for the issue of the granting of a preliminary injunction for Friday, June 13, 1980. The Court has heard from counsel for the parties and also heard oral testimony and received in evidence certain exhibits.

I

The Court finds as a matter of fact, that the plaintiff, Raymond Goforth, is a citizen and resident of Whitfield County, Georgia, and has been such a citizen and resident for 39 years, and that he is also a natural-born citizen of the United States.

Within the time allowed by law for qualifying as a candidate for the Democratic nomination of Sheriff of Whitfield County, Mr. Goforth sought qualification before the proper authorities in Whitfield County. Raymond Goforth has only a seventh grade education and has not passed what is known as the GED examination, a test which has been recognized by the Georgia Peace Officers' Standards and Training Counsel as the recognized equivalent in educational training to a high school diploma. Neither has Mr. Goforth passed the military equivalent of a GED examination, which is also a test which has been recognized by the Georgia Peace Officers' Standards and Training Counsel as a recognized equivalent in educational training to a high school diploma.

Due to Mr. Goforth's failure to have a high school diploma or its equivalent, he has been unable to qualify as a candidate for

the position of Sheriff of Whitfield County in the upcoming primary which is scheduled for August 5, 1980.

The Georgia Peace Officers' Standards and Training Counsel has, pursuant to statutory authority, passed regulations pursuant to the Georgia Administrative Procedure Act, Georgia Laws 1964, Page 338, as amended and codified in *Georgia Code Annotated*, Chapter Three A, which provide that a valid high school equivalency diploma awarded by any state on the basis of a general education development (GED) or United States Armed Forces Institute (USAFI) high school equivalency test may be accepted in lieu of a high school diploma.

The Court further finds as a matter of fact that the plaintiff in the case has not offered himself as a candidate for any alternative equivalency to a high school education in order to meet any requirements set forth in the statute as to educational levels required for a candidate for sheriff.

## II

In 1976, the Constitution of the State of Georgia was amended to contain the following:

Any provision of this Constitution to the contrary notwithstanding, every sheriff shall possess the qualifications required by general law as minimum standards and training for peace officers. The General Assembly is hereby authorized to provide by law for higher qualifications for sheriffs. The provisions of this paragraph shall not apply to any sheriff in office on January 1, 1977.

Ga.Const. Art. IX, Sec. I (proposed in Ga. Laws, 1975, p. 1682; ratified Nov. 2, 1976; codified in *Ga.Code Ann.* § 2–5808.1). Pursuant to this constitutional authority, the General Assembly of Georgia passed the legislation at issue here which states

(c)(1) No person shall be eligible to hold the office of sheriff who does not have all of the following qualifications:

.   .   .   .   .

(E) Have obtained a high school diploma or its recognized equivalent in educa-

tional training as established by the Georgia Peace Officer Standards and Training Council.

.   .   .   .   .

*Ga.Code Ann.* § 24–2801(c)(1)(E).

In order to prevail on his claim that this statute violates the Equal Protection clause of the Fourteenth Amendment, plaintiff Goforth must demonstrate a discrimination against him of some substance. Statutes create many classifications which do not deny equal protection; it is only "invidious discrimination" which offends the Constitution. *American Party of Texas v. White*, 415 U.S. 767, 781, 94 S.Ct. 1296, 1306, 39 L.Ed.2d 744 (1973). It is unnecessary to support with citations the observation that where a fundamental right is involved, slight discrimination is considered invidious. Thus the standard of review applicable in Equal Protection cases depends on the nature of the case.

In *Bullock v. Carter*, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972), the Supreme Court applied a more rigorous standard of review than that of minimal scrutiny when confronted with an attack on the validity of a Texas statute which imposed filing fees ranging as high as $8,900.00 on certain candidates seeking to qualify to run for office. While noting that candidacy for public office is not a fundamental right *per se*, the Supreme Court acknowledged that laws affecting candidates always have at least some theoretical, correlative effect on voters. In approaching candidate restrictions, it is essential to examine in a realistic light the extent and nature of their impact on voters. *Id.* In *Bullock*, the Court "closely scrutinized" the Texas filing-fee scheme and found it unconstitutional because its "patently exclusionary character" allowed a disparity in voting power based solely on wealth. *Id.*

In the instant case, the Court is faced with a candidate qualification based on cognizable educational development rather than wealth. Plaintiff Goforth seems to concede that the statute must only survive minimal scrutiny by the Court. The minimal scrutiny standard requires only that

there be a rational basis for the classification created by the statute. In the instant case, the purpose of the "educational" requirement is explicitly set out in the statute itself as being "to increase the effectiveness and capabilities of the several sheriffs of this State as a law enforcement officer to combat crime." *Ga.Code Ann.* § 24–2801(a).

It is irrelevant that there may be some who have not obtained a high school diploma or passed an equivalency exam, but who may yet be personally capable of performing adequately the duties of a sheriff in this state. It is reasonable to conclude, and the Court finds, that an education will facilitate the performance of those duties. There is a reasonable basis for a minimum education requirement and such a requirement can only be stated meaningfully by reference to a cognizable objective standard, such as a high school diploma or its equivalent. The classification here created readily survives minimal scrutiny.

In *Woodward v. City of Deerfield Beach*, 538 F.2d 1081 (5th Cir. 1976), the court reviewed a number of Supreme Court decisions dealing with candidate qualifications and concluded that a balancing test was the best formulation of the standard to be applied. A court should consider the burdens on the candidates and voters, the interests of the state, and possible alternative means for satisfying those interests. Applying this test to the instant case, the Court reaches the same conclusion. The same conclusion as under the rational basis analysis above.

The requirement of a high school diploma or its recognized equivalent does not put a great burden on either the candidate or the voters. Equivalency exams are given regularly and frequently. Plaintiff Goforth has not contended that one should not be "educated" in order to be sheriff. He has simply argued that the voters should be given the opportunity to choose him as their sheriff without his having to demonstrate his educational development formally.[1] The Court does not agree. Furthermore, this requirement has not been demonstrated to be so restrictive as to deny a cognizable group a meaningful right of representation. *See Plante v. Gonzalez*, 575 F.2d 1119, 1126 (5th Cir. 1978). Thus, the requirement does not unduly burden either the candidate or the voter.

The State's interest has already been discussed. Certainly, the State has a strong interest in effective law enforcement. The Court finds that in light of the minimal burden placed on the candidate, possible alternative means for satisfying the State's interest, if there are any, would not tip the balance in plaintiff's favor. Therefore, applying the balancing test suggested in *Deerfield Beach*, 538 F.2d 1081, 1082 (5th Cir. 1978) (fn. 1), the Court must still conclude that the statute is constitutional.

Finally, even if the Court should give the statute the "close scrutiny" of the *Bullock* decision, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972), the statute would survive. Based on the same reasoning already set out herein, the Court finds that the educational requirement is "reasonably necessary to the accomplishment of legitimate state objectives." *Id.* at 144, 92 S.Ct. at 856.

With respect to plaintiff's request for a preliminary injunction against the operation of *Ga.Code Ann.* § 24–2801(c)(1)(E), the Court finds that plaintiff has failed to demonstrate a substantial likelihood that he will prevail on the merits. Furthermore, for the reasons stated above, the Court finds that plaintiff's complaint fails to state a claim for which relief can be granted.

ACCORDINGLY, plaintiff's motion for a preliminary injunction is denied and plaintiff's complaint is dismissed.

---

1. Plaintiff Goforth feels that requiring him to take an equivalency exam invidiously discriminates against him and his fellow graduates of the "school of hard knocks."